Lahtinen, J.
Appeal from a judgment of the Supreme Court (Lynch, J.), entered July 15, 2011 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possession of contraband and altering state property after a search of his cell uncovered a cell phone and cell phone charger concealed in a compartment carved out of the window sill. Following a tier *825 III disciplinary hearing, at which petitioner pleaded guilty to possession of contraband and guilty with an explanation to altering state property, he was found guilty of both charges and a penalty of 60 months in the special housing unit was imposed. Twenty-four months of the penalty was suspended and deferred for six months provided no further disciplinary charges were incurred. The determination was upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.
We affirm. To the extent that petitioner asserts that rule 113.23 (7 NYCRR 270.2 [B] [14] [xiii]) — which prohibits possession of contraband — is unconstitutionally vague, this Court has previously considered and rejected such argument (see Matter of McCollum v Fischer, 61 AD3d 1194 [2009], lv denied 13 NY3d 703 [2009]; Matter of Garcia v Selsky, 48 AD3d 931, 932 [2008], appeal dismissed 10 NY3d 909 [2008]; Matter of Hughes v Goord, 300 AD2d 789, 789-790 [2002]). Petitioner’s claim that he was improperly denied the right to call character witnesses to mitigate the penalty to be imposed as a result of his guilty plea is also unavailing. Petitioner’s witnesses would have testified about his positive prison record, which was known to the Hearing Officer and considered in the disposition of this matter. Since the Hearing Officer considered petitioner’s character before imposing the penalty, the testimony of the witnesses would have been redundant and, therefore, properly excluded (see 7 NYCRR 254.5 [a]; Matter of Coleman v Coombe, 65 NY2d 777, 779-780 [1985]).* The remaining contention has been considered and found to be without merit.
Mercure, J.P., Spain and Kavanagh, JJ., concur.

 Neither party directly briefed the issue upon which the dissent would decide the appeal. Although the issue of the severity of the penalty was raised before and rejected by Supreme Court, petitioner did not argue that issue in his brief on appeal to this Court and, accordingly, the issue was abandoned (see e.g, Matter of Wilson v Bezio, 93 AD3d 1053, 1053 [2012]; Matter of Bunting v Fischer, 84 AD3d 1631, 1632 [2011], lv denied 17 NY3d 709 [2011]; Matter of Perkins v Fischer, 78 AD3d 1355, 1356 [2010]). Consistent with our precedent that an issue that is not raised is abandoned, the Attorney General — representing respondents — limited his brief to the two issues raised on appeal by petitioner, and we do not have before us the arguments or authorities that the Attorney General might have advanced regarding the severity of the penalty.